FUNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

CAROLINA DEL VALLE MOLINA,                         Chapter 13
                                                   Case No.: 19-23739-BKC-RAM
    Debtor.
_____/

**CREDITOR'S, FACE BANK INTERNATIONAL CORPORATION, OPPOSITION TO THE MOTION TO MODIFY THE CHAPTER 13 PLAN [D.E. 66] AND OBJECTION TO CONFIRMATION OF THE FIRST MODIFIED CHAPTER 13 PLAN [D.E. 69]**

    Creditor, Face Bank International Corporation ("Creditor"), by and through its undersigned counsel, files this Opposition to the Motion to Modify Confirmed Chapter 13 Plan ("Motion") Objection ("Objection") to confirmation of the First Modified Chapter 13 Plan [D.E. 69] ("Plan") and filed by Carolina Del Valle Molina ("Debtor") in the above-captioned chapter 13 proceeding, because: (i) the Debtor failed to provide for the full regular mortgage payment in the Plan; (ii) the Debtor failed to provide for all arrearages owed to the Creditor in the Plan; (iii) the Plan is not feasible due to the fact that the Plan payment far exceeds the Debtor's disposable income, as represented in the Debtor's Schedules; and (iv) the Debtor filed the Plan in bad faith. In support of the Objection, the Creditor respectfully states as follows:

**BACKGROUND**

    1.    On June 25, 2019, an Agreed Final Judgment of Foreclosure was entered in favor of the Creditor and against the Debtor and her spouse, Carlos Guillermo Ibarra, in the amount of $358,016.11 (the "Judgment") for the real property located at 10555 NW 64 Way, Miami, Florida 33178 (the "Property").

2.      Pursuant to the Creditor's Judgment, a foreclosure sale of the Property was scheduled to take place on August 26, 2019.

3.      On August 20, 2019, the Debtor's spouse, Carlos Guillermo Ibarra, filed a petition for relief under Chapter 13 of the United States Bankruptcy Code, Case No.: 19-21103-BKC-RAM (the "Previous Bankruptcy"). This case was dismissed for failure to file any Schedules on September 5, 2019 [D.E. 13].

4.      The Previous Bankruptcy stopped the Creditor's foreclosure sale. After the dismissal, the foreclosure sale of the Property was reset for October 15, 2019.

5.      On October 14, 2019, the Debtor filed a petition for relief under Chapter 13 of the United States Bankruptcy Code once again delaying the Creditor's enforcement rights on the event of the scheduled foreclosure sale.

## THE DEBTOR'S PLAN IS PATENTLY UNCONFIRMABLE.

### A. The Debtor's Plan Fails to Provide for the Full Maintain Payment, Full Arrearage, or Post-Petition Fees That the Debtor is Required to Pay.

6.      11 U.S.C. § 1322(b)(5) states that a plan must "provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due."  The Plan states that the Debtor proposes to pay $2,929.77 as the regular mortgage payment when the regular mortgage payment must be $2,932.75 based on the regular mortgage payment with escrow of $2,774.26, plus the $8,241.87 shortfall during the first 7 months of this bankruptcy under the MMM plan, which causes a *pro rata* increase of $158.49 per month.

7.      The Debtor is not making the full regular mortgage payment to the Creditor in the Plan, nor is the Debtor providing to cure the arrearage in a reasonable time.  The last mortgage

payment that the Debtor made to the Creditor was over two and a half years ago in September 2017.  The modified Plan states that the Debtor will pay $1,498.91 to cure the arrearage. The Creditor's Proof of Claim states that the arrearage as of the Petition Date is $79,442.14.  Therefore, $1,527.73 per month over the life of the Plan is required to cure the arrearage.

8. Additionally, the Plan payment does not and cannot even begin to account for the post-petition fees that the oversecured Creditor has accrued, which the Debtor is required to pay. The post-petition fees accrued to date are $32,551.91, as stated on the Notice of Post-Petition Fees.

**B. The Debtor's Plan is Not Feasible, Per the Debtor's Sworn Schedules.**

9. The Debtor's Schedule I shows a combined monthly income of $5,394.58 [D.E. 13 at 23].  Schedule J shows expenses of $3,569.45 and this is without even accounting for any payment to the Creditor for the Property where the Debtor resides (likely because the Debtor has not paid the mortgage in years, which is why the Creditor now hold a final judgment). [DE 13 at 26].  This means without even paying for the Property, the Debtor only has a disposable monthly income of $1,825.13, per the Schedules.  [DE 13 at 26].  Per the Debtor's sworn representations to the Court, the Debtor is not even close to having sufficient income to support the proposed Plan payment of $5,007.00 (much less the required payment of $5,038.80, if accurately calculated).  In fact, even at the proposed Plan payment the Debtor has a monthly shortfall of $3,181.87 (and is negative $3,213.67 if the proper maintain and cure payments were accounted for in the Plan). Finally, this significant shortfall does not even account for the post-petition fees, which the Debtor does not have sufficient income to pay.

10. "In approving the plan, the Court must determine that the debtor will be able to make all payments under the plan and to comply with the plan. 11 U.S.C. § 1325(a)(6). The Court will not approve a plan unless it is clear that the debtor will be able to make these payments, thus

perhaps enabling him to retain property which would otherwise be subject to the claims of creditors." *In re Hammond,* 729 F.2d 1391, 1394-1395 (11th Cir. 1984) (citations omitted) (quoting *United States v. Devall,* 704 F.2d at 1517 (quoting *In re Penland,* 11 B.R. 522 (Bankr. N.D. Ga. 1981))).

11. A proposed plan is not feasible and should not be confirmed when expenses, combined with mortgage payments and arrearage claim payments, exceeds debtor's income. *See In re Todd*, 181 B.R. 997, 1004 (Bankr. N.D. Ala. 1995). "Where debtors propose to add arrearage claims in postconfirmation situations, the Court of Appeals for the Eleventh Circuit instructs that, 'a judicial inquiry should be undertaken to determine whether a proposed modification to cure a default will comport with § 1322(b)(5)'s requirements that such a cure be effected within a reasonable time and simultaneously maintain payments on the long term loan." *In re Hoggle,* 12 F.3d 1008, 1012 (11th Cir. 1994). The Debtor here is in a similar situation. He needs to pay his current mortgage payments along with substantial post-petition arrearage claims. If this Court is permitted to analogize this situation to *Hoggle,* this Debtor will not be able to pay simultaneously his long term loan mortgage debts and the arrearage claims from those mortgages." *Id*.

12. A motion to modify a confirmed plan should be denied when the proposed plan shows insufficient disposable income to support the plan payment. *See In re Nalls*, No. 06 01291 TOM 13, 2007 WL 988039, at *3 (Bankr. N.D. Ala. Apr. 2, 2007), *as amended* (May 7, 2007).

13. A proposed plan is not feasible when it left the debtor with only a $50 surplus after deducting the monthly expenses and the plan payment. *See In re Gibson*, 45 B.R. 783, 784 (Bankr. N.D. Ga. 1985). In this case, the Debtor does not have any surplus and in fact shows a negative monthly balance of -$3,181.87 with the current Plan payment, per the Schedules.

14. The Debtor is attempting to modify the Creditor's rights regarding her principal residence, which is impermissible. *See* 11 U.S.C. § 1322(b)(2); *see also Nobelman v. Am. Sav. Bank*, 508 U.S. 324, 327 (1993). The Creditor has a final judgment and the Debtor currently owes $427,726.26 to the Creditor. The Debtor has not and cannot propose a feasible Plan to address the outstanding debt, high arrearage, payment for the Property, and the reasonable post-petition fees accrued.

15. Therefore, since the Debtor has a significant negative monthly shortfall of $3,181.87 when factoring in the proposed Plan payment and monthly expenses based on the Debtor's sworn statement of income, the Plan is not feasible and denial of confirmation under § 1325(a)(6) is required.

C. **The Debtor's Plan Was Not Proposed in Good Faith.**

16. The Debtor's Plan must be proposed in good faith. *See* 11 U.S.C. § 1322(a)(3).

17. A review of the factors set forth by the Eleventh Circuit in *Kitchens* demonstrates that the Debtor's Plan was not proposed in good faith. *See In re Kitchens*, 702 F.2d 885, 888 (11th Cir. 1983). The Debtor makes no income as she is a student. Her husband has income from a Venezuelan business in the amount of $3,610 per month. [D.E. 13 at 23]. The Debtor also derives income from renting a portion of the Property for $1,380 per month. *Id*. Prior to the bankruptcy, the Debtor retained this rental income while failing to pay any portion of it to the Creditor. The Debtor shows a negative monthly balance of -$3,181.87 when factoring in paying the current Plan payment, per the Schedules. This is the second bankruptcy case on the eve of a foreclosure sale that prevented sale of the Property. The Previous Bankruptcy Case by her husband was dismissed for failure to even file Schedules (another delay tactic). The Debtor has showed no effort in this case. Instead, this case languished in the MMM process for seven (7) months. The Creditor was

consistently having to request further documents regarding the Debtor's income as not everything was provided at least four times. The MMM resulted in a denial and notably the Debtor offered no feasible, genuine repayment option regarding of the debt owed to the Creditor and produced documents that only further evidence the Debtor insufficient income to afford the Property.

18. The Debtor shows no ability to earn as demonstrated by the fact that she earns no income as a student and has shown no intent to seek employment or earn income to pay for the Property. There are no special circumstances such as medical expenses. The Debtor simply wishes to continue living in the Property without paying from it, while profiting from it through rental income. This bankruptcy is yet another effort to delay sale of the Property after the Creditor obtained an Agreed Final Judgment through a lengthy MMM mediation process (intended to delay) and now proposing a Plan that is unfeasible and patently unconfirmable (in order to further delay the inevitable).

19. The Debtor has failed to disclose sufficient income on her Schedules to support payment for the Property making her Plan patently unconfirmable and proposed in bad faith with the intent to further delay the Creditor.

20. For these reasons, the Plan is unconfirmable on its face and confirmation must be denied.

WHEREFORE, Creditor, Face Bank International Corporation, respectfully requests that the Court enter an Order: (i) sustaining the Objection; (ii) denying the Motion to Modify the Plan; (iii) denying confirmation of the First Modified Chapter 13 Plan; and (iv) granting Creditor such further relief as the Court may deem just and proper under the circumstances.

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on May 8, 2020 upon all interested parties registered to receive notice via this Court's CM/ECF electronic notification system.

Respectfully submitted,
SEQUOR LAW
1001 Brickell Bay Drive, 9th Floor
Miami, FL 33131
lblanco@sequorlaw.com
Telephone:   (305) 372-8282
Facsimile:   (305) 372-8202

By:   /s/ Amanda E. Finley
Leyza F. Blanco
Florida Bar No.: 104639
Amanda E. Finley
Florida Bar No.: 100225

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case and via regular US mail to all participants who are not on the list to receive e-mail notice/service for this case as indicated on the service list on May 8, 2020.

/s/ Amanda E. Finley
Amanda E. Finley

## SERVICE LIST

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Leyza F. Blanco    lblanco@sequorlaw.com, jdiaz@sequorlaw.com
- Timothy S Kingcade    scanner@miamibankruptcy.com, kingcadeserve@bellsouth.net;r46540@notify.bestcase.com
- Nancy K. Neidich    e2c8f01@ch13miami.com, ecf2@ch13miami.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov

**Manual Notice List**

- (No manual recipients)