UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:  Case No.: 19-23739-BKC-RAM

CAROLINA DEL VALLE MOLINA,  Chapter 13

        Debtor.
_____/

**FACE BANK INTERNATIONAL CORPORATION'S RESPONSE IN OPPOSITION TO
GLORIA MOLINA'S MOTION FOR PROTECTIVE ORDER**

      Face Bank International Corporation ("Creditor") of the bankruptcy estate of Carolina Del Valle Molina ("Debtor"), by and through its undersigned counsel, files this Response in Opposition to the Motion for Protective Order [D.E. 87] (the "Motion") filed by Gloria Molina ("Molina") in the above-captioned Chapter 13 proceeding, and in support states as follows:

**FACTUAL BACKGROUND**

    1.    This is a Chapter 13 case which was filed on October 14, 2019.

    2.    On May 13, 2020, the Debtor's mother, Gloria Molina, executed an Affidavit of Support [D.E. 79], stating that: i) she provides Debtor the sum of $2,500.00 per month, in "cash" or by paying for debts or other necessities; ii) she and her husband receive steady rental income from several commercial rental properties; and iii) she has sufficient income to provide this support to Debtor until Debtor's bankruptcy is completed.

    3.    Creditor has no information on Molina, her husband, their income to fund the Plan, or their commercial rental properties (location, rental amount, or anything else). This information is necessary for the Creditor to consider the feasibility of the Plan and for the Court to make a finding of feasibility, which is wholly dependent on the accuracy and credibility of the Affidavit.

4. Due to the lack of information regarding Molina's actual ability to fund the Debtor's over $5,000 monthly Plan payment, Creditor subsequently filed a Notice of Rule 2004 Videotaped Examination *Duces Tecum* of Gloria Molina [D.E. 80] ("Rule 2004 Notice").

5. On June 5, 2020, the date after Molina was scheduled to provide all documents required in the Rule 2004 Notice, Creditor reached out to Debtor's counsel to ensure that Molina had the full fourteen days to produce all documents and to reset a mutually agreeable deposition date. A copy of the email correspondence is attached hereto as Exhibit "A."

6. Debtor's counsel never responded to that email.

7. Instead, on June 5, 2020, Molina filed a Motion for Protective Order without first conferring with Creditor [D.E. 87].

## LEGAL ARGUMENT

8. The broad discovery available under Rule 2004 is well known. Examinations under Rule 2004 are allowed for the purpose of discovering ascertaining the acts, conduct or property or the liabilities and financial condition of the debtor or any matter which may affect the administration of the debtor's estate.

9. The Motion states that Molina has agreed to assist Debtor financially each month. Molina Mot. ¶ 5. As such, Molina has made her finances an issue in the case to the extent feasibility of Debtor's proposed Chapter 13 Plan depends solely on Molina's contributions to same.

10. Molina has failed to include any details or information relating to proof of income, assets, liabilities, or precise source of funds for the payments to Debtor in the Affidavit. *See generally* Molina Aff. Furthermore, Molina now objects to the production any supporting documentation establishing her ability to fund contributions to the Debtor's proposed Chapter 13 Plan

11. The discovery requested in Creditor's Rule 2004 Notice is directly relevant to these issues and is far from an annoyance or an undue burden. Her proof of income, bank statements, tax returns and evidence of assets from which the income to support the Chapter 13 plan will be derived are at issue in respect to the feasibility and confirmability of the Debtors proposed Chapter 13 Plan, and Molina put them at issue.

12. A non-debtor's unsubstantiated affidavit of support of a debtor makes it virtually impossible to determine whether the non-debtor could maintain the support throughout the bankruptcy. *See In re Sigfrid*, 161 B.R. 220, 222-23 (Bankr. D. Minn. 1993) (holding that a debtor was not eligible for Chapter 13 relief where payments by a non-debtor affiant could not constitute regular income in absence of evidence concerning the nature of the affiant's employment, how often the affiant worked, where the affiant worked, or what the affiant's liabilities were).

13. Without the discovery sought in Creditor's Rule 2004 Notice, neither Creditor nor this Court have any way of knowing how Molina purports to provide Debtor with monthly support sufficient to fund the Chapter 13 Plan that now includes an over $5,000 per month payment, Without this discovery, Creditor's hands are tied because it will not have the information to rebut this key issue, nor will this Court have sound information to support a finding of feasibility of Debtor's Plan.

14. Because Molina is a third party, there was no reason for Creditor to clear a date in advance of service of the subpoena upon Molina with Debtor's counsel. Notwithstanding, on June 5, 2020, undersigned counsel communicated with counsel for the Debtor advising that Molina had been served, extending the date to provide documents, and inquiring about setting a mutually agreeable deposition date. *See* Ex. A.

15. Counsel for the Debtor failed to respond to the correspondence and instead filed the Motion in violation of Local Rule 7026-1 by failing to confer with undersigned counsel prior to the filing of the Motion. Moreover, the Motion fails to include a Certificate of Attorney certifying that she conferred with undersigned counsel in a good faith effort to resolve the issues raised.

WHEREFORE, Creditor, Face Bank International Corporation, respectfully requests this Court to enter an Order: i) denying Gloria Molina's Motion for Protective Order; ii) requiring Molina to make full production within 10 days from the date of the Order; iii) requiring a deposition to be scheduled within 30 days after the production date on a mutually agreeable date; iv) continuing all pending matters, including the Motion to Modify the Chapter 13 Plan and the Motion for Stay Relief until after discovery is complete; and v) grant any other just relief the Court deems just and proper.

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case and via regular US mail to all participants who are not on the list to receive e-mail notice/service for this case as indicated on the service list on June 12, 2020.

Dated:  June 12, 2020.

SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
Telephone: (305) 372-8282
Facsimile:  (305) 372-8202
E-mail:lblanco@sequorlaw.com

By: */s/ Leyza F. Blanco*
    Leyza F. Blanco
    Florida Bar No. 104639
    Amanda E. Finley
    Florida Bar No. 100225

## **SERVICE LIST**

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Leyza F. Blanco    lblanco@sequorlaw.com, jdiaz@sequorlaw.com
- Timothy S Kingcade    scanner@miamibankruptcy.com, kingcadeserve@bellsouth.net;r46540@notify.bestcase.com
- Nancy K. Neidich    e2c8f01@ch13miami.com, ecf2@ch13miami.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov

# EXHIBIT A

| | |
|---|---|
| **From:** | Amanda E. Finley |
| **To:** | Kristina Gonzalez |
| **Cc:** | Leyza Blanco; Jennifer Diaz |
| **Subject:** | Face bank - Gloria Molina Rule 2004 |
| **Date:** | Friday, June 5, 2020 9:05:13 AM |

Hi Kristina,

Gloria Molina was served with the Rule 2004 on May 29. To provide the required 14 days' notice, please produce all documents by June 12 and please advise of available deposition dates 10-14 days from June 12, so we can determine a mutually agreeable deposition date.

Thanks,
Amanda